# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0093V
UNPUBLISHED

| | |
|---|---|
| GRACIELA JOHNSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 6, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*John Robert Howie, Jr.*, Howie Law, PC, Dallas, TX, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 5, 2021, Graciela Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine in her left arm and an influenza ("flu") vaccine in her right arm, and thereafter suffered a shoulder injury related to vaccine administration ("SIRVA") in each shoulder. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 16, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 3, 2023, Respondent filed a proffer on

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer") indicating Petitioner should be awarded $121,462.38 (consisting of $117,500.00 in pain and suffering damages and $3,962.38 in past expenses). Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $121,462.38 (consisting of $117,500.00 in pain and suffering damages and $3,962.38 in past expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GRACIELA JOHNSON,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>      Respondent. | No. 21-93V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 5, 2021, Graciela Johnson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2018) (the "Vaccine Act"). Petitioner alleged that she suffered bilateral shoulder injuries related to vaccine administration as a result of a tetanus-diphtheria-acellular pertussis vaccine and an influenza vaccine. ECF No. 1.

On December 14, 2022, respondent filed a report conceding that compensation under the Vaccine Act is appropriate in this case. ECF No. 37.

On December 16, 2022, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 38. On the same date, the Chief Special Master issued a Damages Order. ECF No. 39.

**I.**     **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $121,462.38, consisting of $117,500.00 in pain and suffering damages and $3,962.38 in past expenses, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$121,462.38,** in the form of a check payable to petitioner.[1]

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Naseem Kourosh
NASEEM KOUROSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 305-1159
E-mail: Naseem.Kourosh@usdoj.gov

DATED:  March 3, 2023

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.